IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| BRITTANY WILLIAMS, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) Case No. 5:21-cv-00099 (TBR) |
| SARAH BURGESS, in her individual and official capacity; PHILLIP BURNETT JR., in his official capacity; and the DEPARTMENT OF KENTUCKY STATE POLICE, | ) ) ) ) ) |
| *Defendants.* | |

**MEMORANDUM OPINION AND ORDER**

On August 24, 2021, Defendants filed two motions to dismiss—one for failure to state a claim (Mot. to Dismiss for Failure to State a Claim), Dkt. 5, and one for lack of jurisdiction (Mot. to Dismiss for Lack of Jurisdiction), Dkt. 6.  Plaintiff had twenty-one days to respond.  *See* LR 7.1(c).  However, Plaintiff filed her response on October 26, 2021, sixty-three days later, *see* Motion for Extension of Time to File Response (Mot. to Resp.), Dkt. 8.  As part of her motion, Plaintiff asks this Court to grant her extension to file a response.  *See id.*  Defendants have since filed a Motion to Strike the Response (Mot. to Strike), Dkt. 11, arguing that the Plaintiff's Mot. to Resp. is untimely and does not establish any excusable neglect.  Plaintiff has responded to that Mot. to Strike (Resp. to Mot. to Strike), Dkt. 12.

When, as has happened here, a party files a motion beyond a deadline established by the Federal Rules of Civil Procedure or by order of the court, the motion is governed by Federal Rule of Civil Procedure 6(b)(1)(B).  That rule provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  *See id.*

1

Excusable neglect is an equitable balance of four factors: (1) prejudice to the nonmoving party; (2) length of delay and potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the late-filing party acted in good faith.[1] *See United States v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).  The Court addresses each of these factors below.

***Prejudice.***  Defendants argue that the prejudice here is "both the lack of opportunity to address Plaintiff's reason for delay . . . and the continued expense and time of defending against an action that the Plaintiff has indicated she has no interest in pursuing." *See* Mot. to Strike at 3. The Court is not persuaded that either of Defendants' arguments constitute any sort of serious prejudice.  First, the Plaintiff's reason for delay is its own separate factor, and as such, should not be conflated with the prejudice analysis.  Second, the Sixth Circuit has held that a party's burden of preparing for trial "would [have been] equally true had the motion been filed timely" and therefore did not weigh against granting leave to file an untimely motion. *Munoz*, 605 F.3d at 371.  Compare that with the paradigmatic examples of prejudice to a non-movant, such as a witness's lost memory or delay in receiving monetary payment. *See Tri–Corner Invs., LLC v. First Def. Int'l Grp., Inc.*, 361 F. App'x 629, 632 (6th Cir.2010).  Here, Defendants' burden of

---

[1] There are conflicting decisions in the Sixth Circuit about whether *Pioneer* created four or five factors.  Different Sixth Circuit panels have disputed whether "the reason for the delay" and "including whether it was within the reasonable control of the movant" is one factor or two.  *Compare United States v. Munoz*, 605 F.3d 359, 368 n.5 (6th Cir. 2010) ("It appears to this panel that the four-factor division is more faithful to the Pioneer Court's language."), *with Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) ("[T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors . . . .").  The Court follows the approach of the Sixth Circuit's most recent decision, *Munoz*, and considers the third and fourth factors together.  This approach is also consistent with how other circuits have interpreted *Pioneer*. *See, e.g.*, *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003); *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 322–23 (3d Cir. 2001).

filing a reply is the same as whether the response had been filed timely or not. Thus, the first factor weighs in favor of Plaintiff.

*Length of Delay.* Plaintiff's motion was filed sixty-three days after Defendants filed their motions to dismiss. Although the delay stretched over two months, the impact on the case is ultimately insignificant. Defendants will have adequate time to prepare their reply, *see infra*.

Furthermore, in *Nafziger v. McDermott International, Inc.*, 467 F.3d 514, 524 (6th Cir. 2006), the Sixth Circuit upheld a district court's denial of leave to amend under Rule 6(b) after the plaintiff was thirty-nine days late in filing an amended complaint. However, critical to the decision in *Nafziger* was plaintiff's prior conduct. There, the plaintiff had, on "numerous instances," engaged in "dilatory conduct," and the district court had given "repeated warnings," which "insulted the court's dignity" and "created a tortured process." *Nafziger*, 467 F.3d at 523 (internal quotations and alterations omitted). And "[e]ven under those circumstances the Sixth Circuit seemed to acknowledge that it would have been within the discretion of the district court to permit the late filing." *Dennis v. Sherman*, No. 1:08-CV-01055, 2010 WL 3928332, at *3 (W.D. Tenn. Oct. 4, 2010).

Here, Plaintiff has not engaged in any dilatory conduct, insulted the court's dignity, or created a tortured process. This is the first time in this case that Plaintiff has submitted an untimely motion. And, importantly, this delay does not significantly affect the proceedings. For these reasons, this factor weighs in favor of Plaintiff.

*Reason for Delay.* Plaintiff provides the Court with two explanations for her delay: (1) "Plaintiff believed that the Defendant filed for a stay because of pending state actions[,] . . . [t]herefore, Plaintiff's Counsel was researching a response for the 18-page brief that the Defendants submitted" and (2) "Plaintiff's Counsel also became sick following a Covid-

19 exposure." Resp. to Mot. to Strike at 1. Plaintiff's first response does little for her cause, because "inadvertence 'does not usually constitute' excusable neglect." *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 267 (6th Cir. 2009) (internal alterations omitted) (*quoting Pioneer*, 507 U.S. at 392); *see also Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) ("[A]ttorney error or inadvertence will not ordinarily support a finding of excusable neglect."). Though a better reason for delay, Plaintiff's second explanation does not fare much better. The Court acknowledges the seriousness of contracting Covid-19, but that still does not excuse a sixty-three-day delay in responding to a motion without notifying the Court or the opposing party about the reason for delay. Against this backdrop, it seems that the delay was within Plaintiff's control. *See Pioneer*, 507 U.S. at 392. This factor therefore weighs in favor of Defendants.

*Good-Faith.* There is no evidence that Plaintiff acted in bad faith, and Defendants, for their part, do not seem to dispute this point. *See* Mot. to Strike. Accordingly, this favor weighs in favor of Plaintiff.

On balance, the Court finds that three factors favor Plaintiff—prejudice, length of delay, and good-faith—and one factor favors Defendant—reason for delay. Although the Sixth Circuit has suggested the reason for delay factor is the most important part of this inquiry, it is not dispositive. *See Morgan v. Gandalf, Ltd.*, 165 Fed. Appx. 425, 429 (6th Cir. 2006) (citing approvingly to a First Circuit case that described the reason for delay factor as having "the greatest import" and "always [being] critical to the inquiry"). The Court must weigh all factors against each other. And the Court notes that other courts in similar situations have concluded that such a balance is an appropriate occasion to grant additional time to file a motion. *See Dennis*, 2010 WL 3928332, at *4 (granting additional time when the only factor favoring the

4

timely party was the reason for delay factor). That, taken together with the Court's and the Sixth Circuit's preference to resolve cases on their merits, tips the scales in favor of Plaintiff. *See Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) ("Trials on the merits are favored in the federal courts.").

For the above stated reasons, **IT IS HEREBY ORDERED** Plaintiff's Mot. to Resp., Dkt. 8, is **GRANTED** and Defendants' Mot. to Strike, Dkt. 11, is **DENIED**. Defendants have fourteen days from the date of this order to submit a reply to Plaintiff's response filed at Dkt. 9.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 8, 2021