IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| BRITTANY WILLIAMS, ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | Case No. 5:21-cv-00099 (TBR) |
| SARAH BURGESS, in her individual and ) | |
| official capacity; PHILLIP BURNETT JR., in ) | |
| his official capacity; and the DEPARTMENT ) | |
| OF KENTUCKY STATE POLICE, ) | |
| ) | |
| *Defendants.* | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Trooper Burgess's Motion to Dismiss Individual Capacity Claims (Mot. to Dismiss Ind. Claims), Dkt. 5, and Defendant Trooper Burgess's, Defendant Commissioner Burnett's, and Defendant Kentucky State Police's (KSP) (collectively "Defendants") Motion to Dismiss Official Capacity Claims (Mot. to Dismiss Off. Claims), Dkt. 6. Plaintiff Williams has responded (Resp.), Dkt. 9. Defendants have replied (Reply), Dkt. 14. As such, briefing is complete and the motions are ripe for adjudication.[1]

For the reasons that follow, Defendant Burgess's Mot. to Dismiss Ind. Claims, Dkt. 5, is **GRANTED IN PART** and Defendants' Mot. to Dismiss Off. Claims, Dkt. 6, is **GRANTED**.

**I.   FACTUAL BACKGROUND**

On July 29, 2020, KSP Trooper Sarah Burgess pulled a vehicle over at the intersection of Kentucky Route 90 and US 641. *See* Complaint (Compl.), Dkt. 1, ¶ 13. According to the Complaint, Brittany Williams observed the traffic stop and "thought that it looked like the State

---

[1] The Court has original jurisdiction over Williams's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

1

Police [Trooper] was [being] hostile with the people [who were] pulled over." *Id.* ¶ 14. Williams claims that is why she parked her vehicle on the side of the road, exited her vehicle, and began recording the traffic stop with her cell phone. *See id.* ¶ 15.

Upon noticing Williams, Trooper Burgess allegedly ordered Williams to stop recording and leave the area. *See id.* ¶ 16. Williams asserts that she continued videotaping Trooper Burgess and was not interfering with the traffic stop. *See id.* ¶ 17. Trooper Burgess then approached Williams and, according to Williams, attempted to seize her cell phone and person, used excessive and unnecessary force, and illegally searched her vehicle without a warrant. *See id.* ¶¶ 18, 20, 23. Williams states that Trooper Burgess was successful in her attempts to unlawfully seize her cell phone and person, and that the KSP still unlawfully has possession of her cell phone. *See id.* ¶¶ 21–22.

## II.     LEGAL STANDARD

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.' " *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  DISCUSSION

Williams sues Trooper Burgess in her individual and official capacity; the Commissioner of the KSP, Phillip Burnett Jr., in his official capacity; and the KSP. *See* Compl. ¶¶ 2–4. The Complaint sets forth the following counts: Count 1, violation of 42 U.S.C. § 1983, *see id.* ¶¶ 24–32; Count II, intentional infliction of emotional distress (IIED), *see id.* ¶¶ 33–37; Count III, negligent infliction of emotional distress (NIED), *see id.* ¶¶ 38–41; Count IV, battery, *see id.* ¶¶ 42–44; and Count V, negligent credentialing, *see id.* ¶¶ 45–48.[2]

####    A.  **Official Capacity Claims**

#####       i.   *Federal Claims*

Defendants maintain that the Court lacks subject-matter jurisdiction over the federal official capacity claims because the Defendants enjoy sovereign immunity against all of these claims.[3] The Eleventh Amendment bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments.[4] *See Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013). "The sovereign immunity guaranteed by th[e] [Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) (*citing Pennhurst State Sch. & Hosp. v.*

---

[2] The Complaint identifies battery as Count V and negligent credentialing as Count VII. *See* Compl. However, the Complaint does not contain a Count IV or a Count VI. *See id.* To avoid confusion, the Court numbers the enumerated counts in sequential order.

[3] Defendants also argue that "the official capacity state[ ]law claims for infliction of emotional distress, the claim for § 1983 policy violations, and the claim for violations of the Kentucky Constitution all fail to state a claim." Mot. to Dismiss Off. Claims at 1. The Court does not address these arguments here, because the Eleventh Amendment deprives the Court of subject-matter jurisdiction, *see infra*. However, Trooper Burgess makes these same arguments in her Mot. to Dismiss Ind. Claims. The Court therefore addresses these arguments as they relate to Trooper Burgess's individual claims, *see infra* Part III.B.

[4] *Ex parte Young* creates a narrow exception to the Eleventh Amendment. 209 U.S. 123, 157 (1908). "[U]nder the *Ex parte Young* exception, 'a federal court may . . . issue a prospective injunction against a state officer to end a continuing violation of federal law.'" *Doe v. Dewine*, 910 F.3d 842, 848 (6th Cir. 2018) (citing *Price v. Medicaid Dir.*, 838 F.3d 739, 746–47 (6th Cir. 2012)). Williams does not request injunctive relief or respond to Defendants' arguments about this issue. Therefore, the *Ex parte Young* exception does not apply. *See* Resp.; *see also* Reply at 2.

*Halderman*, 465 U.S. 89, 98–100 (1984)). Such a waiver must be unequivocally expressed. *See Pennhurst*, 465 U.S. at 99. In that same vein, the Eleventh Amendment bars "claims brought against state employees in their official capacity because 'a suit against a state officer in his or her official capacity is tantamount to a suit against the state itself.' " *Scott v. Michigan*, 173 F. Supp. 2d 708, 713 (E.D. Mich. 2001) (internal quotations and citations omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100 (*citing Missouri v. Fiske*, 290 U.S. 18, 27 (1933)).

Here, the Court cannot draw a reasonable inference that the Defendants are liable for the federal official capacity claims. Williams claims that Trooper Burgess was employed as a KSP Trooper on July 29, 2020 and was acting in that capacity at all relevant times. *See* Compl. ¶ 2. So too for Commissioner Burnett. *See id.* ¶ 3. The parties do not dispute that the KSP is an arm of the executive branch of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. §§ 12.020 Sec. II(1)(a) and 16.060; *see also* Mot. to Dismiss Off. Claims at 6; Resp. The parties also agree that the Commonwealth of Kentucky has not waived its Eleventh Amendment immunity and that Congress has not abrogated state sovereign immunity under § 1983. *See* Mot. to Dismiss Off. Claims at 6; *see also* Resp. Accordingly, these claims against Trooper Burgess, Commissioner Burnett, and the KSP are considered suits against the state, and they are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Regardless of her factual assertions, Williams has failed to offer any authority or affirmative evidence to alter this result.

Williams does direct the Court to *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), but *Monell* does not change the outcome. *Monell* provides that *municipalities* may be liable for unconstitutional acts under § 1983. But as discussed above, Williams is trying to hold arms of a *state government* liable for unconstitutional acts under § 1983. "The law is well-settled that,

4

unlike a local government, a state cannot be sued for damages under § 1983 in either state or federal court." *Bailey v. Montgomery*, 433 F. Supp. 2d 806, 809 (E.D. Ky. 2006)

Therefore, Williams's federal claims against Trooper Burgess in her official capacity, Commissioner Burnett in his official capacity, and the KSP are barred by the Eleventh Amendment.

ii. *State Claims*

In addition to asserting federal claims under 42 U.S.C. § 1983, Williams asserts state law claims against Defendants for IIED, NIED, battery, negligent credentialing, and possibly violations of the Kentucky Constitution. *See* Compl. ¶¶ 8, 11, 33–48. To the extent that these state law claims have been asserted against Defendants in their official capacity, Defendants move the Court to dismiss these claims because they are barred by official/governmental immunity. *See* Mot. to Dismiss Off. Claims at 10–14. The Court finds that Trooper Burgess in her official capacity, Commissioner Burnett, and the KSP are entitled to immunity on Plaintiff's state law claims.

Under Kentucky law, agencies of the state possess governmental immunity from suit when an action is premised on the agency's performance of a governmental (as opposed to a proprietary) function. *See Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001) (noting that governmental immunity and sovereign immunity are used interchangeably by Kentucky courts). The KSP is tasked with enforcement of the law, a governmental function, and is therefore entitled to immunity. *See Gaither v. Justice & Pub. Safety Cabinet*, 447 S.W.3d 628, 633 (Ky. 2014); *see also Allen v. Booth*, No. CIV.A. 08-135, 2008 WL 4829875, at *2 (E.D. Ky. Nov. 5, 2008). Here, there is no dispute that the law enforcement functions of the KSP and its employees are governmental—not proprietary. *See* Mot. to Dismiss Off. Claims; Resp.

5

Moreover, under Kentucky law, governmental immunity extends to employees acting and sued in their official capacities. *See Yanero*, 65 S.W.3d at 521–22; *see also Autry v. Western Kentucky Univ.*, 219 S.W.3d 713, 717 (Ky. 2007) ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."). When an officer or employee of a governmental agency is sued in her representative (*i.e.*, official) capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. *See Yanero*, 65 S.W.3d at 521–22. As such, Trooper Burgess and Commissioner Burnett are officers of the state, and when they are sued in their "official capacity," they are afforded the same immunity as the KSP. *See* Compl. ¶¶ 2–3; *see also* Mot. to Dismiss Off. Claims. Accordingly, the KSP is entitled to immunity from Williams's state law claims, and this immunity extends to Trooper Carroll and Commissioner Burnett. Therefore, Plaintiff's state law official capacity claims against Defendants shall be dismissed.

### B. **Individual Capacity Claims**

Williams only brings individual capacity claims against Trooper Burgess. *See* Compl. Criminal charges have been filed against Williams in Calloway County Circuit Court for her actions on July 29, 2020. *See Commonwealth v. Williams*, Ex. 1, Dkt. 6-1, at 2; *see also* Mot. to Dismiss Ind. Claims at 13; Resp. at 2. Specifically, Williams faces charges of assault in the third degree of a police officer, obstructing governmental operations, menacing, resisting arrest, possession of marijuana and drug paraphernalia, two counts of endangering the welfare of a minor, and attempted second degree escape. *See Commonwealth v. Williams* at 2. That trial is currently scheduled for February 9–11, 2022. *See* Resp. at 2. Both parties agree that, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Wallace v. Kato*, 549 U.S. 384 (2007), the Court

should stay Williams's individual capacity § 1983 and battery claims pending completion of her criminal trial. *See Wallace*, 549 U.S. at 393–94 (When a plaintiff files a civil action "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice[ ] to stay the civil action until the criminal case or the likelihood of a criminal case is ended.") (citing *Heck*, 512 U.S. at 487–88 n.8); *see also* Mot. to Dismiss Ind. Claims at 13; Resp. at 2. The Court will do so. *See, e.g.*, *Clark v. Kentucky*, 229 F. Supp. 2d 718, 725 (E.D. Ky. 2002) (explaining that under *Heck*, an arrestee's § 1983 claims against state officer for, *inter alia*, unlawful seizure of his person and lack of probable cause for arrest could not proceed while state criminal charges were pending against him for disorderly conduct, menacing, and resisting arrest).

However, it appears that the parties might part ways as to whether the Court should stay Williams's individual capacity claims of § 1983 failure to follow policy, IIED, NIED, and violation of the Kentucky Constitution. *See* Mot. to Dismiss Ind. Claims at 1; Resp. at 2. Trooper Burgess asks the Court to dismiss all of these allegations for failure to state a claim. *See* Mot. to Dismiss Ind. Claims at 1. Williams does not respond to any of these particular arguments, but she does ask the Court to "enter an order for Stay until conclusion of th[e] collateral case." Resp. at 2. The Court therefore addresses each of these claims in turn.

With regard to the § 1983 failure to follow policy allegation, Williams includes this claim as part of Count I. There, Williams alleges that Trooper Burgess was "under a duty to comply with and conduct [herself] in accordance with accepted and established police procedures and policies and Kentucky State Police General and Special Orders." Compl. ¶ 26. Trooper Burgess argues that the Court should dismiss this claim because "alleged failures to comply with an administrative rule or policy do not themselves rise to the level of a constitutional violation."

Mot. to Dismiss Ind. Claims (quoting *Blair v. Thompson*, No. 5:16-CV-P35-TBR, 2017 WL 161638, at *3 (W.D. Ky. Jan. 13, 2017)).

Trooper Burgess is correct that "a § 1983 claim may not be based upon a violation of state procedure that does not violate federal law." *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007). The purpose of § 1983 is to remedy violations of federal law, not state law. *See id.* Williams has made no showing as to why Trooper Burgess's alleged violation of state police procedures violates a federal law. *See* Compl. ¶¶ 24–32. Therefore, to the extent that Williams identifies state policies as conferring a right for a § 1983 claim, the Court dismisses that claim. *See, e.g.*, *Wilkins v. Kawalski*, No. 1:20-CV-1057, 2021 WL 1015914, at *3 (W.D. Mich. Mar. 17, 2021) ("To the extent that Plaintiff raises a claim based on state policy or law, he is not entitled to relief under § 1983."); *Pethtel v. State of Tennessee Dep't of Child. Servs.*, No. 3:10-CV-469-TAV-HBG, 2020 WL 6827791, at *8 (E.D. Tenn. Nov. 20, 2020) ("Plaintiffs cannot assert a § 1983 claim for violations of state policy or state law, as § 1983 only protects federally created rights."); *Kelly v. Labelle*, No. 2:20-CV-49, 2020 WL 3286794, at *7 (W.D. Mich. June 18, 2020) ("[T]o the extent that Plaintiff alleges that Defendants failed to follow state policy, he fails to state a § 1983 claim.").

Of course, all the parties agree that Williams does identify a federal right that supports her § 1983 claim. *See* Compl. ¶¶ 24–32. Williams specifically alleges that "Trooper Burgess violated [her] Fourth Amendment rights." Resp. at 4. To the extent that Williams's § 1983 claim relies upon a federal right, the Court stays that claim until Williams's criminal case ends. *See Wallace*, 549 U.S. at 393–94 (citing *Heck*, 512 U.S. at 487–88 n.8).

With regard to the IIED allegation, Williams sets out this claim as Count II. There, Williams alleges that Trooper Burgess's actions were "either intentional or reckless," and that

her conduct was "outrageous and intolerable." Compl. ¶¶ 34–35. Trooper Burgess provides two reasons why, she thinks, Williams fails to state a claim here. First, Trooper Burgess maintains that, as a matter of law, Williams's allegations of false arrest do not meet the necessary elements of an IIED claim. *See* Mot. to Dismiss Ind. Claims at 5–7. The Court rejects this argument. Whether Trooper Burgess's conduct was outrageous concerns questions of fact. Therefore, Trooper Burgess's argument here is better suited for summary judgment or trial, especially given the early stage of these proceedings. Williams's criminal trial has yet to occur. *See* Resp. at 2; *see also Commonwealth v. Williams*.

Second, Trooper Burgess claims that IIED is not available under Kentucky law when the claim derives from conduct addressed by other traditional tort claims. *See id.* at 8–10. Trooper Burgess is correct that "a plaintiff cannot maintain *both* a negligence claim and an [outrage] claim based on a single set of facts." *Childers v. Geile*, 367 S.W.3d 576, 581 (Ky. 2012). The reason for this rule is that the tort of IIED was created to allow a cause of action for severe emotional distress where there was no other available remedy. *Id.* However, although IIED is not a "gap-filler" tort, "[t]his is not to say that it cannot be pleaded alternatively." *Id.* at 582. There can just "be only one recovery on a given set of facts." *Id.*

Williams has alleged that Trooper Burgess intentionally or recklessly caused her severe emotional distress. *See* Compl. ¶¶ 34–35. True, the Complaint also contains other traditional tort claims. *See id.* But "[t]he mere fact that [Williams] ha[s] alleged both traditional tort claims and IIED claims is not grounds for dismissal of [her] IIED claims." *B.L. v. Schuhmann*, 380 F. Supp. 3d 614, 649 (W.D. Ky. 2019); *see also Kustes v. Lexington-Fayette Urban Cty. Gov't*, No. 5:12-323, 2013 WL 4776343, at *2 (E.D. Ky. Sept. 3, 2013) ("A plaintiff can, however, plead an

9

IIED claim in the alternative to a traditional tort claim."). The Court therefore stays Williams's IIED claims pending resolution of the criminal proceedings.

With regard to the NIED allegation, Williams sets out this claim as Count III. There, Williams alleges that she "suffered extreme emotional distress because of the[ ] grossly negligent actions by [Trooper] Burgess." Compl. ¶ 40. Trooper Burgess makes two arguments as to why Williams fails to state a claim here. First, Trooper Burgess contends that Williams only provides conclusory allegations, which do not suffice to prevent a motion to dismiss. *See* Mot. to Dismiss Ind. Claims at 10. The Court finds that at this early stage, when Williams's trial has not yet occurred, and construing the facts in a light most favorable to Williams, the motion to dismiss for failure to state a claim should be denied as to these claims.

Second, Trooper Burgess asserts that the NIED claim must be dismissed because Williams also makes a battery claim, and Williams cannot "dress up" her battery claim in the "garments of" a negligence claim. *See id.* at 11 (quoting *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009)). Trooper Burgess is correct that negligence and battery claims are mutually exclusive. *Ibid.* It is black-letter law that battery is an intentional act, whereas negligence is unintentional. *See id.* However, "[i]t is well settled under the Federal Rules of Civil Procedure that alternative theories of relief can be pled." *Schuhmann*, 380 F. Supp. 3d at 661 (permitting a plaintiff to plead both battery and negligence). Rule 8(d)(2) provides:

> A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

Fed. R. Civ. P. 8(d)(2). The Rule goes on to say that "a party may state as many separate claims or defenses as it has, *regardless of consistency*." Fed. R. Civ. P. 8(d)(3) (emphasis added).

Accordingly, Trooper Burgess's motion to dismiss Williams's claim of NIED on this ground is denied. Williams's NIED claim will be stayed pending resolution of her criminal proceedings.

With regard to the alleged violations of the Kentucky Constitution, Williams only mentions these possible claims in the background section of the Complaint. *See* Compl. ¶¶ 8, 11. Trooper Burgess argues that, to the extent that Williams sets forth a claim under the Kentucky Constitution, such a claim must be dismissed because under Kentucky law there is no cause of action for violation of the Kentucky Constitution. *See* Mot. to Dismiss Ind. Claims at 12. Trooper Burgess is correct. The problem for Williams is that "Kentucky has not recognized a private right of action akin to *Bivens* to recover money damages for a violation of the state's constitution." *Conn v. Deskins*, 238 F. Supp. 3d 924, 930 (E.D. Ky. 2017) (citing *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 536–38 (Ky. 2011)); *see also Crosby v. Univ. of Kentucky*, 863 F.3d 545, 558 (6th Cir. 2017) ("This leaves Crosby's complaint as requesting only monetary damages in connection with his claim against the individual defendants for violating the Kentucky Constitution. And because Kentucky law does not recognize such a cause of action, the district court did nor err in dismissing Crosby's claim."); *K.K. by & through J.K. v. Clark Cty. Bd. of Educ.*, 439 F. Supp. 3d 905, 916 (E.D. Ky. 2020) ("Kentucky law does not recognize a cause of action for alleged violations of Kentucky constitutional rights.") (quotations and citations omitted). Williams's Complaint could be construed as making a claim for violations of the Kentucky Constitution. *See* Compl. ¶¶ 8, 11. To the extent that it does, the court dismisses that allegation for failure to state a claim.

## IV. CONCLUSION

For the above stated reasons, Trooper Burgess's Mot. to Dismiss Ind. Claims, Dkt. 5, is **GRANTED IN PART** and Defendants' Mot. to Dismiss Off. Claims, Dkt. 6, is **GRANTED**. **IT IS HEREBY ORDERED** that Plaintiff's official capacity claims against Defendants Burgess, Burnett, and KSP are summarily **DISMISSED**, the Clerk is therefore **DIRECTED** to **TERMINATE** Defendants Burnett and KSP from this action; **IT IS FURTHER ORDERED** that Plaintiff's individual capacity claims against Trooper Burgess for § 1983 failure to follow state policies and for violations of the Kentucky Constitution are **DISMISSED**; **IT IS FURTHER ORDERED** that Plaintiff's individual capacity claims against Trooper Burgess for § 1983 claims based on a federal right, IIED, NIED, and battery are **STAYED** until the final termination of Plaintiff's pending state court criminal proceeding. This matter is set for a telephonic status conference on **February 25, 2022, at 9:00am Central Standard Time**. The Court will place the call to counsel.

**IT IS SO ORDERED**

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

December 6, 2021

12